AMBRO, Circuit Judge,
dissenting:
Although much of the majority’s opinion is indisputably correct, I disagree in one important respect and thus respectfully dissent. I agree that the Immigration Judge (IJ) and Board of Immigration Appeals (BIA) properly considered all the evidence Bastien submitted in support of his contention that if he returned to Haiti he would be persecuted. I believe, however, that the BIA and the IJ misconstrued Bastien’s argument with respect to the Convention Against Torture (CAT), rendering their decision inadequate for meaningful appellate review.
As the majority notes, our jurisdiction in this matter is limited. Because Bastien is a “criminal alien” within the meaning of the Immigration and Nationality Act, we lack jurisdiction to review whether the BIA and the IJ’s ultimate findings-of fact are correct. Nevertheless, “where the BIA is alleged to have made a ... determination based on an erroneous legal standard or on fact-finding which is flawed by an error of law, our jurisdiction to review that determination is secure.” Pareja v. Attorney Gen. of U.S., 615 F.3d 180, 188 (3d Cir.2010) (internal quotation marks and citation omitted). And, crucially here, we may vacate and remand a BIA decision when its analysis “fail[s] to attend to [a petitioner’s] actual argument.” Roye v. Att’y Gen. of U.S., 693 F.3d 333, 342 (3d Cir.2012). This is because a decision that erroneously evaluates a claim is inadequate for the meaningful appellate review to which a putative deportee is entitled. See Cruz v. Attorney Gen. of U.S., 452 F.3d 240, 242-43 (3d Cir.2006) (“Without the BIA’s view as to whether Cruz still has the requisite ‘conviction’ under the INA for his removal, we cannot determine our own jurisdiction.”).
Before the BIA -and the IJ, Bastien made two arguments that the CAT bars his removal. The first is that, upon his return to Haiti, he would suffer from the same extraordinary violence that has plagued his family (five and possibly six family members have been murdered). The BIA and the IJ denied him relief on this ground because Bastien failed to demonstrate state involvement in the murders, and thus he did not produce evidence from which the BIA and the IJ could infer that Bastien would be tortured. We lack jurisdiction to review this finding of fact, and I agree with my colleagues’ disposition of this argument. 8 U.S.C. § 1252(a)(2)(C) & (D).
*148 I part ways with them, however, as to Bastien’s second argument, which neither the IJ nor the BIA addressed. Bastien also argued that, when he is returned to Haiti, he will be put in prison as a criminal deportee, and officials at the prison will single him out for mistreatment rising to the level of torture based on the perception both of his support for the Duvalier regime and of his wealth.
The majority apparently understands Bastien to argue that the BIA and the IJ failed to consider all the relevant evidence that he would be tortured. He does raise that argument, and I agree with the majority that it fails. But Bastien also argues that the BIA and the IJ “failed to meaningfully analyze [his] legal arguments with respect to his CAT claims.” Br. at 29 (emphasis added). This is different from his failure-to-consider-evidence claim, and to me it should be a winner.
Bastien correctly informs us that, in his submissions to the BIA and the IJ, he contended he would be “singled out” and “targeted] for abuse” because of his perceived support for Duvalier and his perceived wealth. Id. at 30-31 & n. 2. There can be no question he presented this argument to the IJ:
[T]he government has singled out Duval-ierists for prolonged detention.... [T]he police and immigration officials will be on the look out [sic] for Duvalier-ists among the criminal deportees.... In addition, the police are likely to assume that Mr. Bastien has access to American money and will thus use whatever means are necessary, including starvation and beatings, to extort money from him.
In re: Karl Henry Marshall Bastien, No. A-41-585002, Bastien’s Pre-hearing Br. at 22-25 (Mar. 9, 2009). And he made the argument to the BIA as well:
The IJ relied on the holding in Pierre v. Att’y Gen. of U.S., 528 F.3d 180 (3d Cir.2008) that “it' is not torture for the Government of Haiti to detain criminal detainees without a specific intent to torture them.” April 11, 2011 Decision at 9. However, ... Respondent’s claim for relief under CAT was based in part on his well-supported claims that he would be subjected to abuse rising to the level of torture specifically because he is a member of the Bastien-LaCroix family....
In re: Karl Henry Marshall Bastien, No. A-41-585-002, Memorandum of Law in Support of Respondent’s Appeal from Decision of the Immigration Judge at 22 (Sept. 21, 2011) (emphasis in original).
As Bastien argues to us (and as he argued to the BIA), the IJ misconstrued this claim as an argument that Haitian prison conditions in themselves are so severe as to inflict torture within the meaning of the CAT, and the IJ rejected it, relying on our precedent. In re: Karl Herny Marshall Bastien, No. A-41-585-002, Oral Decision of the Immigration Judge at 8-9 (citing Pierre, 528 F.3d at 189 (“The lack of medical care and likely pain that Pierre will experience is an unfortunate but unintended consequence of the poor conditions in the Haitian prisons, which exist because of Haiti’s extreme poverty. We find that this unintended consequence is not the type of proscribed purpose contemplated by the CAT.”)). The BIA affirmed this holding without additional analysis.
By misconstruing Bastien’s legal argument about what would happen to him in prison — that he was entitled to relief under the CAT because he would be singled out for torture because of his family and perceived wealth — the conclusion of the BIA and the IJ that he had failed to demonstrate a likelihood of torture was *149 “flawed by an error of law,” Pareja at 188, specifically a misunderstanding of what Bastien was arguing. The record is thus inadequate for meaningful appellate review of whether the BIA and the IJ properly applied the CAT to Bastien’s claim.
Nor can the BIA and the IJ’s failure to address the argument Bastien actually made be considered harmless error. To the contrary, the misconstruction of Bas-tien’s significant and clearly presented claim calls into question whether Bastien received a meaningful hearing before the BIA or the IJ. Thus I would grant the petition for review with respect to Bas-tien’s CAT claim.
In this context, I respectfully dissent in part.